IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:05CR32 |
| | § | |
| KENNETH RAY TALLENT, III | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 23, 2009 to determine whether the Defendant violated his supervised release. The Defendant was represented by Heath Hyde. The Government was represented by Terri Hagan.

On October 11, 2005, the Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to 41 months imprisonment followed by a 3-year term of supervised release for the offense of felon in possession of a firearm. Defendant began his term of supervised release on May 5, 2008.

On June 10, 2009, the U.S. Probation Officer filed an Amended Petition for Warrant or Summons for Offender under Supervision (Dkt. 42). The petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state or local crime; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall not unlawfully possess a controlled substance; (4) Defendant shall refrain from any unlawful use of a controlled

1

substance, Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the court; (5) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer; and (6) Defendant shall reside in and participate in a residential drug treatment facility as instructed by the probation officer.

The amended petition alleges that Defendant committed the following violations: (1) on August 25, 2008, Defendant was arrested for Public Intoxication, as alleged in an offense report filed by the McKinney, Texas Police Department, according to the offense report, Defendant was belligerent and initiated arguments with citizens at a local hospital in McKinney, Texas, upon the police officer's arrival, Defendant reportedly began cursing at the officer and was acting aggressively, which prompted the officer to engage Defendant with pepper spray, and Defendant was released from custody on August 26, 2008 after posting a $379 cash bond; (2) on October 13, 2008, Defendant was arrested by the Collin County Sheriff's Department on misdemeanor charges of Criminal Trespass and Possession of a Controlled Substance and a felony charge of Possession of a Controlled Substance, according to the offense report, Defendant was discovered on property without consent of the owner and was in possession of an unlabeled pill bottle containing various pills, which Defendant claimed were Zanax, and Defendant appeared intoxicated, Defendant was convicted of the Criminal Trespass charge, was sentenced to 150 days confinement in the county jail, and Defendant was convicted of Possession of a Controlled Substance, misdemeanor, and sentenced to 150 days confinement in the county jail; (3) on November 21, 2008, Defendant was convicted of

the felony offense of Theft of the value of at least $1500 but less than $20,000, in Collin County District Court and was sentenced to 180 days confinement in a state jail facility; (4) on December 26, 2008, Defendant committed the offense of Assault causes bodily injury while in custody at the Collin County Sheriff's Office Detention Facility by striking a victim in the face and body with his hand and foot, resulting in 9 stitches for the victim, and Defendant was granted a personal recognizance bond for the case on May 19, 2009; (5) on June 19 and June 23, 2008, Defendant submitted urine specimens that tested positive for methamphetamine, during a July 2, 2008 office visit, Defendant admitted to using methamphetamine on or about June 30, 2008, and Defendant admitted verbally and in writing to the use of methamphetamine; (6) Defendant failed to report for drug testing as directed at the office of Bob Alterman, LCDC, on May 12, June 9, 13, 16, and 27, July 1, 18, 21, 28 and 31, and August 8, 11, 22 and 25, 2008, Defendant also failed to attend his counseling session at the office of Bob Alterman, LCDC on June 23, 2008 and failed to contact the counselor to schedule any sessions for the months of July and August 2008; (7) on September 1, 2008, Defendant was unsuccessfully discharged from residential drug treatment at Oak Haven Recovery Center in Marshall, Texas, due to violations of facility rules.

At the hearing, Defendant entered a plea of true as to the alleged violations. The Court finds Defendant violated the terms of his supervised release.

At this time, Defendant has not waived his right to allocute before the district judge or his right to object to the report and recommendation of this Court.

## RECOMMENDATION

The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984 and in light of the parties' agreement, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty one (21) months, with no supervised release to follow.

**SIGNED this 25th day of June, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE